PATRICK FITZGERALD STINNETT, Appellant, v.
THE STATE OF NEVADA, Respondent.

No. 20132

March 27, 1990                                789 P.2d 579

[Rehearing denied August 21, 1990]

*Morgan D. Harris,* Public Defender, and *Craig F. Jorgenson,* Deputy Public Defender, Las Vegas, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Rex Bell,* District Attorney, and *James Tufteland* and *Daniel Seaton,* Deputy District Attorneys, Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Appellant Patrick Stinnett (Stinnett) was convicted of posses-
sion of a controlled substance with the intent to sell and sentenced
to ten years in prison. Stinnett appeals, contending that the
district court erred in issuing a protective order preventing him
from obtaining the complaints he had made in the past against the
police officer who arrested him. We agree.

### FACTS

Stinnett was charged with possession of a controlled substance
with the intent to sell. He maintained that he did not possess the
cocaine but that his old adversary, Officer Kallas (Kallas), was
falsely implicating him in the drug possession. Before trial,
Stinnett issued a subpoena duces tecum to the Internal Affairs
Department of the Las Vegas Metropolitan Police Department
(LVMPD) requesting the production of all complaints he had
filed against Officer Kallas of the LVMPD from 1985 until 1988.[1]
The LVMPD asked the court for a protective order on the
grounds that Stinnett's complaints were protected by executive
privilege. The court issued a protective order, holding that Stin-
nett's complaints to the Internal Affairs Department concerning
Kallas were not relevant. Stinnett made a continuing objection to
the protective order.

On January 23, 1989, Stinnett was tried before a jury for

---

[1]Kallas was the police officer who arrested Stinnett. He was also the
State's major witness against Stinnett.

possession of a controlled substance with the intent to sell. Kallas and Stinnett gave conflicting testimony concerning what had occurred on the night of Stinnett's arrest.

Kallas testified that on April 29, 1987, around 5:00 p.m., he was driving with his partner in a marked police car through a high crime district of Las Vegas. Kallas observed four males huddled together in front of an abandoned house. One of the males ran when he saw Kallas' patrol car. Kallas ran after him.

Kallas further testified that while chasing the suspect he noticed that someone had kicked in the back door of an abandoned house. Kallas claims that he entered the house and found Stinnett crouched down in a closet with his hands between his legs. Kallas recognized Stinnett as someone he had arrested before and told him to stand up so that he could handcuff him. Kallas testified that Stinnett stood up, spun around, put his hands to his shoulders, and ran out the door. Kallas ran after Stinnett and tackled him outside of the house. A struggle ensued. Another police officer helped Kallas subdue Stinnett.

Kallas arrested Stinnett for prowling, vagrancy, and resisting arrest. He then returned to the closet where he had apprehended Stinnett. Kallas found two ziplock bags containing rock cocaine on the shelf above where Stinnett had been crouching.

Stinnett testified that on April 29, 1987, at about 5:00 p.m., he went out to buy some food. He observed a patrol car with two individuals in it stopped nearby. Stinnett spoke briefly with some people who were standing at the steps of an abandoned house. As he walked away from the abandoned house Officer Kallas struck him on the back and said "I told you to stop." Kallas and Stinnett fought for approximately five minutes until a fellow officer helped Kallas subdue Stinnett. Stinnett claims that Kallas handcuffed him and then began beating him on the way to the patrol car. Once inside, the officers failed to give Stinnett his *Miranda* warnings and continued to beat him.

Stinnett testified that Kallas left the patrol car. When he returned Kallas informed Stinnett that he was arresting him for prowling, vagrancy, and resisting arrest. Stinnett claims that he did not know that he was charged with possession of a controlled substance with the intent to sell until after he had reached the detention center. He asserted that he never went into the abandoned building and possessed no drugs that evening.

On January 25, 1989, Stinnett was found guilty in a jury trial of possession of a controlled substance with the intent to sell. He was sentenced to ten years in prison.

## DISCUSSION

The district court held that Stinnett's past complaints against

Kallas were not relevant. We disagree. Relevant evidence pursuant to NRS 48.015 means "any evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." Stinnett's past complaints against Kallas are relevant to his defense because these complaints could show that Kallas was biased against Stinnett. Kallas' credibility is particularly important to Stinnett's defense since Kallas was the State's major witness against Stinnett and his testimony conflicts with Stinnett's testimony. Almost all of the State's evidence against Stinnett comes from Kallas' testimony.

The court concluded that Stinnett's own testimony that he had made complaints about Kallas to the Internal Affairs Department of the LVMPD would show that Kallas was biased against him. Thus, the court reasoned, Stinnett's actual complaints would not help his defense. We disagree. Stinnett testified that he made 12 complaints against Kallas in the past to the Internal Affairs Department and that Kallas was intentionally harassing him. The State substantially refuted Stinnett's claim of numerous prior complaints when an officer remembered only one prior complaint from Stinnett against Kallas. Evidence of numerous complaints would have supported Stinnett's testimony thereby enhancing his claim of fabricated evidence, but he was not permitted access to this corroborating evidence. Additionally, this supporting evidence was important because Stinnett's credibility when he testified was challenged by the receipt of evidence of his prior felonies.

The State contends that executive privilege enables it to keep Stinnett's complaints confidential. It insists that the Internal Affairs Department's need for confidentiality outweighs Stinnett's interest in proving that he filed complaints against Kallas. We disagree. In United States v. Nixon, 418 U.S. 683 (1973), the court held that the interest of a criminal defendant in obtaining relevant evidence for use in his trial outweighed the need for conversations of the President of the United States to remain privileged. Specifically, the court said:

> We conclude that when the ground for asserting privilege as to subpoenaed materials sought for use in a criminal trial is based only on the generalized interest in confidentiality, it cannot prevail over the fundamental demands of due process of law in the fair administration of criminal justice. The generalized assertion of a privilege must yield to the demonstrated, specific need for evidence in a pending criminal trial.

*Nixon,* 418 U.S. at 713.

Stinnett has demonstrated a specific need for the complaints he made against Kallas to show that Kallas was biased against him. The State has demonstrated only a generalized interest in confidentiality.

Additionally, we note that Stinnett asked only for the *complaints he himself made* to the Internal Affairs Department concerning Kallas. He did not demand that the Internal Affairs Department release any other information. In fact, Stinnett would have been satisfied if the State would have stipulated to the fact that he had made 12 complaints against Kallas in the past. Therefore, we hold that Stinnett's need for *his own complaints* against Kallas to assist him in his defense outweighs any interest the Internal Affairs Department has in keeping these complaints confidential.

Finally, we hold that the court committed prejudicial error by issuing a protective order preventing Stinnett from obtaining his complaints. The major issue in this case was whether Stinnett or Kallas was telling the truth. The jury might have believed Stinnett's story had it seen the complaints he had filed against Kallas.[2] In any event, a defendant must be permitted to present all relevant evidence in his behalf.

Stinnett's remaining contentions lack merit.

For the foregoing reasons, we reverse Stinnett's conviction for possession of a controlled substance with the intent to sell and remand this matter to the district court for a new trial.

---

[2]Obviously, we do not suggest or infer by this opinion that Officer Kallas is to any degree untrustworthy.